UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUNPING LIANG,

        Petitioner,

v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY, et al.

        Respondents.

No. 1:26-cv-03619-DAD-SCR

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3)

On May 11, 2026, petitioner Junping Liang, A-File No. 210-182-858, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Therein, petitioner requests that the court issue an order to show cause why the petition should not be granted within three days, order her immediate release, and enjoin and restrain respondents from removing petitioner to a third country absent the provision of certain procedural protections.[1] (Doc. No. 1 at 19.) Also on

---

[1] The court will deny petitioner's request that the court enjoin her removal to a third country absent procedural protections because nothing now before the court suggests that respondents intend to remove petitioner to a third country. As respondents point out, the government has only informed petitioner that it intends to remove her to China. (Doc. No. 7 at 3.)

1

May 11, 2026, petitioner filed a motion to proceed *in forma pauperis*[2] (Doc. No. 2) and a motion for appointment of counsel (Doc. No. 3).

On May 12, 2026, in light of petitioner's *pro se* status, the court construed petitioner's request for expedited review of her habeas petition (Doc. No. 1 at 19) as a motion for temporary restraining and set a briefing schedule as to the motion for temporary restraining order.  (Doc. No. 6.)  The court informed respondents that the court intended to rule on the merits of the petition unless respondents provided substantive objections to the court ruling on the merits.  (*Id.*); *see* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); *Dzhabrailov v. Decker*, No. 20-cv-03118-PMH, 2020 WL 2731966 (S.D.N.Y. May 26, 2020) (considering the merits of the habeas petition and motion for preliminary injunction simultaneously).

On May 14, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order.  (Doc. No. 7.)  Therein, respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a) because she is subject to a final removal order.[3]  (*Id.* at 1.)  Respondents have not objected to the court ruling on the merits of the petition based upon the briefing currently before the court. (*Id.*)

Here, petitioner was ordered removed on April 11, 2023, and did not appeal that order. (Doc. No. 7-1 at 4.)  Petitioner was previously released from immigration detention on December 11, 2023 on an Order of Supervision pending her removal.  (Doc. No. 7-3 at 1.)  Petitioner was

---

[2] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2) and will be granted.

[3] Respondents also state that this case is distinguishable from the cases cited in the court's order (Doc. No. 6) because "those cases had to do with noncitizens who the government alleged were detained under the authority of 8 U.S.C. § 1225(b)" whereas, here, petitioner is detained pursuant to 8 U.S.C. § 1231(a).  Respondents' statement that the cases cited in the court's order are limited to cases where the government alleged that the petitioner was detained pursuant to § 1225(b) is incorrect.  Indeed, the court specifically cited in its minute order the decision in *Yang v. Warden, California City Correctional Center, et al.*, No. 2:26-cv-00832-DAD-DMC, 2026 WL 765027 (E.D. Cal. Mar. 18, 2026), in which the petitioner was subject to a final removal order and respondents argued that the petitioner was subject to mandatory detention pursuant to § 1231(a)(2).

2

re-detained by immigration authorities on January 13, 2026.  (*Id.*)  Petitioner was apparently provided a Notice of Revocation of Release which stated that ICE determined she may be expeditiously removed from the United States pursuant to her removal order.  (*Id.*)  The notice further states that petitioner should have been provided an informal interview regarding her re-detention, however nothing before the court suggests that such an interview was provided.  (*Id.*)  Further, the notice states that if petitioner was not released, she would receive notification of another custody review in approximately three months.  (*Id.*)  Petitioner has now been detained for five months, yet nothing before the court suggests she has received notification of a second custody review.  (*Id.*)

The court finds analogous and persuasive its prior reasoning in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025), where a seemingly identical letter was provided to the petitioner in an attempt to justify the revocation of his release.  In *Yang*, the court explained that '[b]ecause respondents have made no showing that they have engaged in an individualized determination that included consideration of the factors listed in 8 C.F.R. § 241.13(f), they cannot demonstrate changed circumstances with respect to the foreseeability of petitioner's removal." *Yang*, 2025 WL 2791778 at *6.  Accordingly, the court incorporates the reasoning of its decision in *Yang* here and will grant petitioner's petition for writ of habeas corpus in part.

For the reasons stated above,

1.    Petitioner's motion for a temporary restraining order (Doc. No. 1) is GRANTED in part as follows:

      a.    Respondents are ORDERED to immediately release petitioner Junping Liang, A-File No. 210-182-858, from respondents' custody;

      b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

/////

/////

          c.      Petitioner's request for an order enjoining respondents from removing her to a third country without notice and an opportunity to be heard is DENIED without prejudice to renewal if such an issue were to becomes ripe for review in the future;

2.    Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3.    Petitioner's motion for appointment of counsel (Doc. No. 3) is hereby DENIED as having been rendered moot in light of this order granting her petition for habeas relief on the merits;

4.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

5.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:  **May 15, 2026**  

                    DALE A. DROZD
                    UNITED STATES DISTRICT JUDGE