UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUNPING LIANG,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-03619-DAD-SCR

ORDER DENYING MOTION TO MODIFY COURT ORDER

(Doc. No. 10)

On August 13, 2026, respondent filed a motion for the court to modify its May 15, 2026 order which enjoined respondent from re-detaining petitioner without providing petitioner with notice and a pre-detention hearing before an immigration judge (Doc. No. 8). (Doc. No. 10.) Specifically, respondent represents that it now has obtained a travel document for petitioner which will permit respondent to execute petitioner's final order of removal to China. (*Id.* at 1.) However, in its prior order, the court incorporated its reasoning stated in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025) and concluded that respondent had failed to comply with its own regulations in re-detaining petitioner purportedly to execute her removal order. (Doc. No. 8 at 3.) In *Yang v. Kaiser*, the court explained that procedural due process required a pre-deprivation hearing prior to any re-detention of the petitioner in part because the standard process for re-detention under 8 U.S.C. § 1231(a)(6),

which is located at 8 C.F.R. §§ 241.13, 241.4, had failed to protect the petitioner from wrongful deprivation of his liberty interest in that case. *Yang*, 2025 WL 2791778, at *9. Similarly, here, petitioner has already been wrongfully re-detained once based on a conclusory statement that it was reasonably foreseeable that she would be removed. (Doc. No. 8 at 3.) Respondent has provided no argument and no evidence to explain why the court should modify its prior court order considering the reasoning set out in its May 15, 2026 order. Respondent has also not explained why it is not possible to simply comply with the court's order, provide notice to petitioner, and ensure that an immigration judge makes a finding based upon the evidence presented that petitioner's removal is now reasonably foreseeable. Doing so would in no way violate this court's May 15, 2026 order.

For the reasons above, the court DENIES respondent's motion to modify court order (Doc. No. 10).

IT IS SO ORDERED.

Dated: **August 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE